UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SCOTLYNN USA DIVISION, INC.,

    Plaintiff,

v.                                            Case No:  2:16-cv-606-FtM-99CM

Z TOP LOGISTICS, INC. and
LYUBOV MARYNOVA,

    Defendants.
_____

# ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Entry of Clerk's Default Against Defendant Z Top Logistics, Inc. ("Z Top") (Doc. 15) filed on January 3, 2017 and Plaintiff's Second Verified Motion to Enlarge Time for Service of Process under F.R.C.P. 4(m) (Doc. 18) filed on February 7, 2017.

## I. Plaintiff's Motion for Entry of Clerk's Default Against Z Top (Doc. 15)

Plaintiff seeks a Clerk's entry of default as to Z Top. Doc. 15. Plaintiff filed an Affidavit of Service. Doc. 9. Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a) Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald*, No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation can be made by any manner accepted in the state where the district court is located or where service is made or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1).

Here, the Affidavit of Service states that on August 12, 2016, a process server for Elite Process Serving and Investigations, Inc., delivered a true copy of the Summons in a Civil Action, Civil Cover Sheet and Civil Action Complaint against Motor Carrier Under 49 U.S.C. 14706 and for Other Relief upon Sofia Koval, a manager, at 7935 West 59th Street, Suite B, Summit, IL 60501. Doc. 9. Affidavits by process servers constitute a prima facie showing that defendants have been served. *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (holding that unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012). Service of process upon Z Top therefore was properly effected under Rule 4(h) of the Federal Rules of Civil Procedure.

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Z Top has failed to do so within the time period; therefore, the entry of Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of Florida Local Rule 1.07(b) is appropriate.

## II. Plaintiff's Second Verified Motion to Enlarge Time for Service of Process under F.R.C.P. 4(m) (Doc. 18)

On August 3, 2016, Plaintiff filed a Complaint against Defendants. Doc. 1. On November 11, 2016, Plaintiff filed its first motion to extend time to serve process upon Marynova. Doc. 11. The Court granted the requested extension and allowed Plaintiff to serve Marynova on or before January 30, 2017. Doc. 14. On February 7, 2017, Plaintiff filed the present motion, seeking a ninety (90) day extension of time to serve process upon Defendant Lyubov Marynova ("Marynova") because Marynova is rarely in her office and has no expected date of return from her visit to Ukraine. Doc. 18 at 3. Plaintiff seeks the extension of time to hire a private investigator to locate and serve Marynova. *Id.* at 4.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, a defendant must be served within 90 days after the complaint is filed. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for not serving a defendant within a specific time period, the court "must extend the time for an appropriate period." Fed. R. Civ. P. 4(m). While the Federal Rules of Civil Procedure do not define "good cause," case law has specified its limits. For instance, good cause exists when some outside factor rather than inadvertence or negligence prevented service. *Lepone-Dempsey v.*

*Carroll Cty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (citation omitted). "Courts will look to 'factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process,' to determine whether [the plaintiff] satisfied the 'good cause' requirement." *Gambino v. Village of Oakbrook*, 164 F.R.D. 271, 274 (M.D. Fla. 1995) (citations omitted). Even in the absence of good cause, however, a district court has the discretion to extend the time for service of process. *Lepone-Dempsey*, 476 F.3d at 1281.

Here, the Court will grant the requested extension because Plaintiff shows that despite making a number of attempts to locate Marynova, Plaintiff was unable to do so because Marynova is out of the country. Doc. 18 at 5. The Court notes, however, that Plaintiff filed the present motion eight days after its deadline to serve Marynova expired and already had approximately 250 days to serve Marynova since filing of the Complaint. Docs. 1, 11. As a result, the Court will not be inclined to grant additional extensions beyond that provided by this Order absent extenuating circumstances.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion for Entry of Clerk's Default Against Defendant Z Top Logistics, Inc. (Doc. 15) is **GRANTED.** The Clerk is directed to enter a Clerk's Default against Defendant Z Top Logistics, Inc.

2. Plaintiff's Second Verified Motion to Enlarge Time for Service of Process under F.R.C.P. 4(m) (Doc. 18) is **GRANTED**. Plaintiff shall have up to and including **May 1, 2017** to serve process upon Defendant Lyubov Marynova.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of April, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record